1   LEON GREENBERG, ESQ., SBN 8094
    DANA SNIEGOCKI, ESQ., SBN 11715
2   Leon Greenberg Professional Corporation
    2965 South Jones Blvd- Suite E4
3   Las Vegas, Nevada 89146
    Tel (702) 383-6085
4   Fax (702) 385-1827
    leongreenberg@overtimelaw.com
5   dana@overtimelaw.com

6   JOEL BECK, ESQ.
    Lawlor Winston White & Murphy
7   2350 S. Jones Blvd #101-3C
    Las Vegas, Nevada   89146
8   Tel (855) 529-2325

9

10              UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
11

12   MARIA CECILIA BARRA, PATRICIA      )   COMPLAINT WITH JURY
     ARIAS, UBAKVKA ROLEVSKA, and       )   DEMAND
13   MAYRA ONOFRE,                       )
                                         )
14          Plaintiffs,                  )
                                         )
15   v                                   )
                                         )
16   City Life Usa, Inc., Corporate, Llc, )
     Higuchi Developer, Inc., Aliza Elazar )
17   Higuchi, and Nita Labouz,          )
                                         )
18          Defendants.                  )
                                         )
19   ——————————————————————————————————— )

20

21          Plaintiffs, by and through their attorneys, Leon Greenberg Professional

22   Corporation and Joel Beck of Lawlor Winston White & Murphy, as and for a

23   Complaint against the defendants, state and allege, as follows:

24          JURISDICTION, PARTIES AND PRELIMINARY STATEMENT

25          1.     This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor

26   Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the

27   liability prescribed in either of the preceding sentences may be maintained against

28   any employer…in any federal or state court of competent jurisdiction by any one

                                    1

1   or more employees for and in behalf of himself or themselves and other employees

2   similarly situated." Consent to Joinder forms have been filed with this Complaint.

3       2.      Venue is proper in the United States District Court, District of

4   Nevada, because Defendants conduct business in Clark County Nevada, Plaintiffs

5   reside in Clark County, Nevada, Plaintiffs worked for defendants in Las Vegas,

6   Nevada and the acts complained of herein happened in or around Las Vegas,

7   Nevada.

8       3.      The plaintiffs are all residents of Clark County, Nevada, and former

9   or current employees of the corporate defendants CITY LIFE USA, INC.

10  (hereinafter "City Life"), CORPORATE, LLC. (hereinafter "Corporate"), and

11  HIGUCHI DEVELOPER, INC. (hereinafter HD, Inc.) (collectively "the corporate

12  defendants").

13      4.      City Life is a domestic corporation existing and established pursuant

14  to the laws of the State of Nevada with its principal place of business in Clark

15  County in the State of Nevada.

16      5.      Corporate is a domestic limited liability company existing and

17  established pursuant to the law of the State of Nevada with its principle place of

18  business in Clark County in the State of Nevada.

19      6.      HD, Inc. is a domestic corporation existing and established pursuant

20  to the laws of the State of Nevada with its principal place of business in Clark

21  County in the State of Nevada.

22      7.      The individual defendant, ALIZA ELAZAR HIGUCHI (an

23  "Individual Defendant") (hereinafter "Higuchi") is an owner and/or officer and/or

24  director and/or manager of one or more of the corporate defendants.

25      8.      The individual defendant, NITA LABOUZ (an "Individual

26  Defendant") (hereinafter "Labouz") is an owner and/or officer and/or director

27  and/or manager of one or more of the corporate defendants.

28      9.      The individual defendants, for the purposes of the claims made herein

2

1   under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") are

2   deemed employers under the FLSA as they have acted on behalf of an employer

3   and/or acted as an employer by willfully, intentionally, knowingly or otherwise

4   promoting, allowing, directing or otherwise creating the compensation policies

5   alleged herein that violate the FLSA, such individual defendants also exercising

6   the power they had within the corporate defendants to continue, create, or allow

7   such policies to flourish and remain in existence.

8                     FACTUAL ALLEGATIONS UNDERLYING THE CLAIMS

9          10.    The corporate defendants own and operate retail establishments in

10  and around Clark County, Nevada, the corporate defendants also employing the

11  plaintiffs as retail employees.

12         11.    The individual defendants, Higuchi and Labouz are the directors,

13  owners, officers, and active managers of the corporate defendants and have

14  complete control over the corporate defendants and have the authority and duty to

15  make the corporate defendants' policies comply with Nevada's laws.

16         12.    The compensation system used by the corporate defendants for the

17  plaintiffs and those similarly situated was a "straight time, no overtime"

18  compensation system in that the defendants would require the plaintiffs to perform

19  work in excess of 40 hours each week and/or 8 hours in a day and not compensate

20  the plaintiffs and those similarly situated to the plaintiffs with overtime wages

21  equal to one and one-half times their regular hourly rate for the hours of work

22  performed that were in excess of 40 hours each week and/or 8 hours in a day.

23         13.    The corporate defendants, in furtherance of their "straight time, no

24  overtime" pay scheme would use a "dual payroll" system.  Such "dual payroll"

25  system would record the named plaintiffs and those similarly situated to the named

26  plaintiffs as performing a maximum of 40 hours of work per week while on the

27  payroll of one of the corporate defendants.  The plaintiffs were then recorded as

28  having worked additional hours during that same week that were in excess of 40

1  hours for the week as being worked for and on the payroll of one of the other

2  corporate defendants.  As a result, the defendants were paying the plaintiffs and

3  those similarly situated only their regular hourly rate, or "straight time," for the

4  hours worked in excess of 40 hours per week that were recorded as being worked

5  for the other corporate defendants and placed on that corporate defendant's

6  payroll.

7        14.    The corporate defendants' dual payroll system served no legitimate

8  purpose and only existed as a means to avoid Nevada's overtime pay wage

9  requirements set forth in NRS 608.018 and the requirements of the FLSA.

10  Plaintiffs were listed on defendants' records and payroll interchangeably for each

11  of the corporate defendants, performing the same retail services at the same

12  locations.  There was no economic purpose or need for such dual payroll system,

13  or even for the existence of the three corporate defendants, which were mere shells

14  or artifices used by the individual defendants to avoid creating a record of a single

15  payroll, emanating from a single corporate employer, that failed to reflect, on its

16  face, the proper payment of wages under Nevada law and the FLSA.

17        15.    Each of the plaintiffs earned between approximately \$8.25 and \$9.50

18  per hour for each hour of work performed.  Each plaintiff worked a minimum of

19  100 hours of overtime throughout the course of their employment for the

20  defendants and during the applicable statute of limitations period for which no

21  plaintiff was ever paid time and one-half their regular hourly wage.  Plaintiffs will

22  be able to provide a more accurate estimate of their unpaid overtime wages upon

23  access to and analysis of defendants' payroll records.

24                      **ALTER EGO ALLEGATIONS**

25        16.    The individual defendants, Higuchi and Labouz, are currently the

26  sole beneficial owners of the corporate defendants, the term "beneficial owners" as

27  used in this paragraph meaning that they are the only stockholders or equity

28  interest owners of such entities and/or they are the stockholders or equity interest

4

1  owners of other entities that, in turn, are stockholders or equity interest owners of

2  the corporate defendants.

3       17.   Higuchi and Labouz, by virtue of their complete or partial ownership

4  interest in the corporate defendants have total control over the business practices

5  of such corporate defendants and have the power to both make, and change, all

6  practices of the corporate defendants, including but not limited to, their

7  employment practices and the illegal "straight time, no overtime" and "dual

8  payroll" system policies discussed in paragraphs 12-14.

9       18.   The individual defendants Higuchi and Labouz, formulated and

10 implemented the policies alleged in paragraphs 12-14 with the specific intention of

11 preserving for their benefit all of the profits that were illegally earned from such

12 unlawful policies, as the individual defendants expected that such policies would,

13 at some point in the future, be declared illegal and substantial monetary damages

14 would be found to be owed to the victims of such illegal policies and employment

15 practices, such as the plaintiffs in this case.

16      19.   The individual defendants Higuchi and Labouz formulated and

17 implemented the plans and policies alleged in paragraphs 12-14, and have worked

18 to preserve the profits earned and enjoyed by them as a result of the alleged illegal

19 compensation policies discussed in paragraphs 12-14, by conducting those

20 compensation policies and employment practices through the corporate

21 defendants.

22      20.   The individual defendants Higuchi and Labouz have utilized the

23 corporate defendants as a "alter egos" of themselves, such utilization by Higuchi

24 and Labouz being sufficient to result in a piercing of the corporate veil of the

25 corporate defendants and the holding of all of the defendants liable for the

26 damages alleged in this case to have been incurred by the plaintiffs as a result of

27 the alleged illegal compensation policies discussed in paragraph 12-14.

28      21.   Imposing the requested "alter ego" finding and piercing the corporate

5

1 veil of the corporate defendants and imposing liability in this case upon both the

2 individual and corporate defendants, is just, proper, and necessary because, among

3 other things:

4       (A)    The profitability of the corporate defendants' retail business in

5                 Nevada is enhanced by defendants being able to operate retail

6                 establishments at a cost to the corporate defendants below the

7                 minimum labor costs otherwise imposed by the Nevada's

8                 statutes and the FLSA.  As a result, the corporate defendants'

9                 retail business is an intentionally and manifestly illegal and

10                criminal enterprise, the corporate entities used to conduct that

11                business are mere criminal agents, and the defendants,

12                collectively, must be held civilly accountable for the damages

13                caused by such illegal activities;

14

15       (B)    The corporate defendants conduct their operations through the

16                same key personnel and utilize the same facilities, and even

17                though they claim to operate as separate and distinct

18                businesses, they do not, and as a result the corporate defendants

19                and the individual defendants have a complete unity of interest

20                in their business operations and the alleged illegal

21                compensation policies discussed in paragraphs 12 through 14;

22

23       (C)    The corporate defendants, in their communications with their

24                employees, the general public and government agencies,

25                regularly represent themselves to be a single unified business

26                operation;

27       (D)    Allowing the corporate defendants to avoid the claimed "alter

28                ego" liability, and maintain the fiction of their separate and

1  independent legal existence from the individual defendants,

2  would be unjust and result in a grave and unconscionable

3  injustice and sanction a fraud by rewarding the individual

4  defendants for their improper and criminal behavior.  Such

5  fraud was expressly contemplated by the individual defendants

6  when they structured the business operations at issue in the

7  fashion alleged knowing full well that the compensation

8  policies and employment practices discussed in paragraphs 12

9  through 14 were illegal and would, inevitably, have to be halted

10  as a result of legal action and would result in a large award of

11  damages to the persons aggrieved by such illegal policies.

12  Allowing such fraud by the individual defendants to remain

13  unremedied would legitimize their illegal and unfair

14  competition with employers who do abide by Nevada law and

15  the FLSA and would allow the individual defendants to profit,

16  at the expense of such legitimate, law-abiding, Nevada

17  employers, who were unfairly deprived of business as a result

18  of the individual defendants' illegal and intentional scheme to

19  undersell them by violating Nevada law and the FLSA.

20  Allowing such fraud by the individual defendants to remain

21  unremedied would also gravely injure the citizens of Nevada by

22  undermining and degrading the important overtime wage

23  standards of Nevada law and the FLSA.

24

25  AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE
FAIR LABOR STANDARDS ACT ON BEHALF OF
THE NAMED PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

26

27  22.    Plaintiffs repeat each and every allegation previously made herein and

28  incorporate the same into this claim for relief.

7

1        23.    The named plaintiffs bring this First Claim for Relief pursuant to 29

2   U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons, if

3   any, who consent in writing to join this action.

4        24.    Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206

5   and § 207, the named plaintiffs were entitled to a minimum wage and an overtime

6   hourly wage of time and one-half their regular hourly wage for all hours worked in

7   excess of forty hours per week, the named plaintiffs worked more than 40 hours

8   per week for the defendants, and the defendants willfully failed to make said

9   overtime payments.

10        25.    The named plaintiffs on behalf of themselves and all other similarly

11   situated persons who consent in writing to join this action, seek, on this First

12   Claim for Relief, a judgment for unpaid overtime wages and/or unpaid minimum

13   wages, and additional liquidated damages of 100% of any unpaid minimum wages

14   and/or overtime wages, such sums to be determined based upon an accounting of

15   the hours worked by, and wages actually paid to the named plaintiffs and any such

16   other persons who consent to join this action, and the plaintiffs also seeks an

17   award of attorneys' fees, interest and costs as provided for by the FLSA.

18                      AS AND FOR A SECOND CLAIM FOR RELIEF
                 ON BEHALF OF THE NAMED PLAINTIFFS FOR UNPAID
19                     OVERTIME WAGES UNDER NEVADA LAW

20        26.    Plaintiffs repeat each and every allegation previously made herein and

21   incorporate the same into this claim for relief.

22        27.    The named plaintiffs bring this Second Claim for Relief against

23   defendants pursuant to NRS § 608.018 for the payment of overtime wages owed to

24   the plaintiffs under Nevada Law.

25        28.    Pursuant to NRS § 608.018, plaintiffs were entitled to overtime wages

26   at time and one-half their normal hourly rates for each hour of work that was in

27   excess of eight hours a day or 40 hours a week.

28        29.    Defendants failed to pay the plaintiffs the aforesaid required overtime

8

1  pay and as a result the plaintiffs seek from the defendants the full payment of their

2  unpaid overtime wages along with costs, interest and attorney's fees.

3
   AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO
4  NEVADA REVISED STATUTES § 608.040 ON
   BEHALF OF ALL PLAINTIFFS

5
6      30.    Plaintiffs repeat each and every allegation previously made herein and

7  incorporate the same into this claim for relief.

8       31.    The named plaintiffs bring this Third Claim for Relief pursuant to

9  Nevada Revised Statutes § 608.040.

10     32.    In or about March 2013, the named plaintiff MARIA CECILIA

11 BARRA was discharged from her employment with the defendants and at the time

12 of such discharge, the named plaintiff MARIA CECILIA BARRA was owed

13 unpaid wages by the defendants.  In or about December 2013, the named plaintiff

14 PATRICIA ARIAS was discharged from her employment with the defendants and

15 at the time of such discharge, the named plaintiff PATRICIA ARIAS was owed

16 unpaid wages by the defendants.  In or about October 2013, the named plaintiff

17 UBAVKA ROLEVSKA was discharged from her employment with the defendants

18 and at the time of such discharge, the named plaintiff UBAVKA ROLEVSKA was

19 owed unpaid wages by the defendants.   In or about October 2013, the named

20 plaintiff MAYRA ONOFRE was discharged from her employment with the

21 defendants and at the time of such discharge, the named plaintiff MAYRA

22 ONOFRE was owed unpaid wages by the defendants.

23     33.    Defendants have failed and refused to pay the named plaintiffs their

24 earned but unpaid wages, such conduct by the defendants constituting a violation

25 of Nevada Revised Statutes § 608.020, or § 608.030 and giving the plaintiffs a

26 claim against the defendants under Nevada Revised Statutes § 608.040.

27     34.    As a result of the foregoing, the plaintiffs seek a judgment against the

28 defendants for the penalty prescribed by Nevada Revised Statutes § 608.040, to

wit, for a sum equal to up to thirty days wages, along with interest, costs and attorney's fees.

Wherefore, the plaintiffs demand a judgment on all claims for relief as alleged aforesaid.

Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 7, 2014
Clark County, Nevada

Yours, etc.,

/s/ *Leon Greenberg*

Leon Greenberg, Esq.
LEON GREENBERG PROFESSIONAL CORPORATION
Attorney for the Plaintiff
2965 S. Jones Blvd., - Suite E4
Las Vegas, Nevada 89146
(703) 383-6085
Nevada Bar Number: 8094

10

CONSENT TO JOINDER

I, Patricia Arias by signing below, hereby consents to join this case

as a plaintiff pursuant to 29 U.S.C. 216(b).

_____                    6. 27-14
Patricia Arias                    Date

5

CONSENT TO JOINDER

I, Maria Barra by signing below, hereby consents to join this case

as a plaintiff pursuant to 29 U.S.C. 216(b).

_____          6/26/2014
Maria Barra                        Date   _____

5

CONSENT TO JOINDER

I, Mayra Onofre by signing below, hereby consents to join this case
as a plaintiff pursuant to 29 U.S.C. 216(b).

_____          07-01-2014
Mayra Onofre                              Date

5

5

CONSENT TO JOINDER

I, Ubavka Rolevska by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Ubavka Rolevska

6/25/14
_____
Date

5